UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Michelle Salvatore, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Americollect, Inc.,<br><br>　　　　　　Defendant. | Case No.: 19-cv-447<br><br><br>**CLASS ACTION COMPLAINT** |

**PRELIMINARY STATEMENT**

1.　This is an action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"). The FDCPA requires certain disclosures to be made in connection with collecting on a debt and further, prohibits misrepresentations regarding the amount of an alleged debt.

**JURISDICTION**

2.　Jurisdiction of this Court arises out of events occurring within this District and this Court has jurisdiction pursuant to 15 U.S.C. § 1692 and 28 U.S.C § 1331.

3.　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendant conducts business in this district.

**PARTIES**

4.　Plaintiff Michelle Salvatore (hereinafter "Ms. Salvatore") is a natural person who resides in Dane County, State of Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5.  Defendant Americollect, Inc. (hereinafter "Defendant Americollect") is a domestic business with offices located at 1851 S. Alverno Rd, Manitowoc, WI 54220, and a registered agent identified as Kenlyn T. Gretz, 1851 S. Alverno Rd, Manitowoc, WI 54220.

6.  Defendant Americollect is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.  Defendant Americollect is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF

8.  Ms. Salvatore incurred a consumer debt, as that term is defined at 15 U.S.C. § 1692a(5), for a medical bill.

9.  In an attempt to collect that medical bill, Defendant Americollect sent Ms. Salvatore a collection letter dated March 13, 2019.  See Exhibit A.

10. This letter attempted to collect a debt for "UW Health-UW Medical Foundation."

11. That letter states: "The amount due stated below, is the amount due as of the date of this letter.  Future interest of 5% per year may be added to the account if the amount due is not paid."

12. By indicating that the amount due may change with the addition of future prejudgment interest, the letter does not provide an amount due.  Will interest be added?  When will interest be added and will it be added after a consumer sends in a check or calls to pay the alleged debt?  Exhibit A states the debt was incurred in 2018.  Was interest assessed in 2019 or will it be?

13. Defendant Americollect did not use the safe harbor language provided by the Seventh Circuit in *Miller v. McCalla, Raymar, Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000).

14. Defendant Americollect failed to tell Plaintiff that if she paid the amount requested, an adjustment could still be necessary.  Defendant Americollect also failed to tell Plaintiff when the

amount sought in the letter would no longer be accurate. If the debt collector does not accurately inform the consumer that the amount of the debt stated in the letter will increase over time and when, the consumer may believe that by remitting the amount stated in the letter she is satisfying her entire debt when, because of accruing interest, that might not be the case.

15. Defendant's conduct has caused Plaintiff to be unable to understand what she allegedly owes and frustrates her ability to know whether payment of the amount sought in the collection letter will resolve the debt in its entirety.

16. Further, because the amount of the debt is material, regardless of how small additional charges that increase the amount of the debt may be, the unsophisticated consumer understands that failure to immediately pay potentially makes it more costly to hold off on payment and materially impacting the consumer's decision-making process.

17. Defendant's conduct described herein causes damage. Consumers like Plaintiff are left to wonder whether payment of the alleged amount will resolve the debt and thus, Defendant has failed to follow the provisions of FDCPA, a specific, identifiable, and concrete harm.

## TRIAL BY JURY

18. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7; Fed. R. Civ. Pro. 38.

## CLASS ALLEGATIONS

19. This Count is brought by Plaintiff, individually and on behalf of a FDCPA class defined as: (a) All Wisconsin consumers to whom Defendant Americollect sent a letter, (b) in the year prior to the filing of this Complaint, up to and including the date of certification, (c) in the form substantially similar or materially identical to the form of the March 13, 2019 letter sent to Plaintiff, attached as <u>Exhibit A</u>, (d) which letter was not returned as undeliverable.

20. The class as plead is so numerous that joinder of all members is impractical. Common sense assumptions raise the reasonable inference that the form letter at issue was sent to well over the forty-person threshold upon which classes are deemed appropriately numerous.

21. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The principal question at issue is whether Defendant violated § 1692g(a)(1) of the FDCPA by sending a form letter that failed to properly advise as to the actual amount of the debt Defendant sought to collect.

22. Plaintiff's claims are typical of the class members' claims because they arise from the same operative facts (the sending of a materially identical letter) and are predicated on the same legal theory (whether the letter violates § 1692g(a)(1).

23. There are no individual questions of fact, other than whether a class member received an offending letter during the relevant time period, a question that can be determined by a ministerial inspection of Defendant's records.

24. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to vigorously prosecuting this matter, has agreed to serve as a class representative, and has retained counsel experienced in handling class actions and claims involving unlawful debt collection practices. Neither Plaintiff nor her counsel have any interests that might cause them to not vigorously pursue this claim on behalf of the class.

25. This action should be maintained as a class action as the prosecution of separate actions by individual class members creates a substantial risk of inconsistent or varying adjudications and could establish incompatible standards of debt collector conduct. Furthermore, the prosecution of separate actions could result in adjudications of individual member claims that

could be dispositive of the interests of other members not parties to the adjudications or could substantially impair and/or impede the ability of such individuals to protect their interests.

26. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages in an individual action under the FDCPA is $1,000. Management of the class claims in this case is likely to present significantly fewer difficulties than those presented in many other class cases and the identities of individual class members may be easily obtained from Defendant's records.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### BROUGHT ON BEHALF OF PLAINTIFF AND THE PROPOSED CLASS

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendant Americollect constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g(a)(1).

29. Section 1692g(a)(1) provides: Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -- (1) the amount of the debt.

30. As a result of Defendant Americollect's violations of the FDCPA, Plaintiff and the proposed class members are entitled to actual damages as may be appropriate and awarded by a jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

A. Actual damages as may be appropriate pursuant to 15 U.S.C. § 1692k(a)(1);
B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
C. Costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);
D. Such other and further relief as may be just and proper.

Dated this 5th day of June, 2019.                Respectfully submitted,

By: s/ Heidi N. Miller
Heidi N. Miller (WI # 1087696)
HNM Law, LLC
PO Box 26273
Wauwatosa, WI 53226
(414) 306-7000
Heidi@hnm-law.com

Zeshan Usman (WI #1069404)
USMAN LAW FIRM, LLC
525 Junction Rd., Ste. 8520N
Madison, WI 53717
(608) 829-1112
Z@UsmanLaw.com

Stacy M. Bardo (IL Bar #6271913)
(admitted in this district)
Bardo Law, P.C.
22 West Washington Street, Suite 1500
Chicago, IL 60602
(312) 219-6980
stacy@bardolawpc.com

*ATTORNEYS FOR PLAINTIFF*