UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHELLE SALVATORE, on behalf of herself
and all others similarly situated,

               Case No.:  19-CV-447

        Plaintiff,

v.

AMERICOLLECT, INC.,

        Defendant.

---

**DEFENDANT AMERICOLLECT, INC.'S BRIEF IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

---

NOW COMES Defendant Americollect, Inc. (collectively "Americollect"), by and through their attorneys, Hinshaw & Culbertson, LLP, and hereby move to dismiss Plaintiff Michelle Salvatore's Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support state as follows:

## **INTRODUCTION**

Plaintiff Michelle Salvatore's Complaint asserts a cause of action, both on behalf of herself and on behalf of a putative class, for a violation of the Fair Debt Collection Practices Act ("FDCPA") arising out of a letter she received from Americollect regarding her delinquent amount owed to UW Health-UW Medical Foundation for the provision of medical services. Only a single claim is alleged against Americollect for a purported violation of 15 U.S.C. § 1692g(a)(1) based on Ms. Salvatore's allegation that the letter caused her to be unable to understand what she allegedly owes and frustrates her ability to know whether payment of the amount sought in the letter will resolve the debt in its entirety.

304118252v1 1021281

Ms. Salvatore's sole claim against Americollect necessarily fails because the letter clearly states the amount owed as required by § 1692g(a)(1). The letter also does not create confusion of the amount owed, under the unsophisticated consumer standard, and her claim for violation of the FDCPA therefore fails as a matter of law. Instead, Ms. Salvatore attempts to create required disclosures without support in the law. Accordingly, Americollect respectfully requests that the Court dismiss Ms. Salvatore's Complaint with prejudice.

## FACTS

On or about March 13, 2019, Americollect mailed a letter to Ms. Salvatore regarding a debt owed to UW Health-UW Medical Foundation. (ECF No. 1 at ¶9-10.) The letter states: "the amount due stated below, is the amount due as of the date of this letter. Future interest of 5% per year may be added to the account if the amount due is not paid." (ECF No. 2; ECF No. 1 at ¶11.) On the bottom of the letter in larger print it states:

| AMOUNT DUE | $98.52 |
| --- | --- |

(Id.) Also, in the middle of the letter it states:

| CREDITOR NAME | ACCOUNT # | PRINCIPAL | INTEREST | ACTIVITY DATE | BALANCE |
| --- | --- | --- | --- | --- | --- |
| UW HEALTH-UW MEDICAL FOUNDATION | ▮▮▮▮▮ | $98.52 | $0.00 | 10/04/2018 | $98.52 |

(Id.)

According to the Complaint, by "indicating that the amount may change with the addition of prejudgment interest, the letter does not provide an amount due." (ECF No. 1 at ¶12.) Based on these allegations, Ms. Salvatore asserts that the letter "has caused Plaintiff to be unable to understand what she allegedly owes and frustrates her ability to know whether payment of the amount sought in the collection letter will resolve the debt in its entirety" and asserts a claim for "violation of § 1692g(a)(1) of the FDCPA by sending a form letter that failed to properly advise as to the actual amount of the debt Defendant sought to collect." (Id. at ¶¶15 & 21.)

2

However, Americollect accurately stated that the current amount of the debt and accurately stated that interest of 5% per year may be added to the account if the amount is not paid. Americollect is not required to use the *Miller* safe-harbor language, nor make any other disclosures Ms. Salvatore alleges are required, and Americollect's letter does not violate the FDCPA.

## ARGUMENT

### I.    MOTION TO DISMISS STANDARD

Pursuant to Rule 12(b)(6), dismissal is proper where "the plaintiff can prove no set of facts that would entitle him to relief." *Marshall Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, rather than the factual sufficiency. *See Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). A court must accept all of the well-plead allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996). On the other hand, "[i]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Here, Ms. Salvatore cannot establish any facts to support a violation of the FDCPA by Americollect. The letter properly and accurately states the amount due in a manner in which the unsophisticated consumer could understand. Therefore, Ms. Salvatore's Complaint must be dismissed.

### II.   THE LETTER STRICTLY COMPLIES WITH 15 U.S.C. § 1692g(a)(1)

15 U.S.C. § 1692g(a) sets forth the requirements for a validation letter:

§ 1692g. Validation of debts

304118252v1 1021281

(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;

15 U.S.C. § 1692g(a). Americollect's letter states: "the amount due stated below, is the amount due as of the date of this letter. Future interest of 5% per year may be added to the account if the amount due is not paid."[1] (ECF No. 2; ECF No. 1 at ¶11.) On the bottom of the letter in larger print it states:

| AMOUNT DUE | $98.52 |
|------------|--------|

(Id.) Also, in the middle of the letter it states:

| CREDITOR NAME | ACCOUNT # | PRINCIPAL | INTEREST | ACTIVITY DATE | BALANCE |
|---|---|---|---|---|---|
| UW HEALTH-UW MEDICAL FOUNDATION | ▬▬▬ | $98.52 | $0.00 | 10/04/2018 | $98.52 |

(Id.) The amount due could not be stated any more clearly than it already is. Therefore, Americollect complied with § 1692g(a)(1).

## III.    AMERICOLLECT'S LETTER ALSO CLEARLY CONVEYS THE AMOUNT DUE UNDER THE UNSOPHISTICATED CONSUMER STANDARD

Courts evaluate claims that letters allegedly violate the FDCPA from the standpoint of an "unsophisticated consumer," which "assumes that the debtor is uninformed, naïve, or trusting." *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564 (7th Cir. 2004); *Durkin v. Equifax Check Servs.*, 406 F.3d 410, 414 (7th Cir. 2005)(applying the unsophisticated consumer standard to claims under § 1692g). By the same token, this unsophisticated consumer "isn't a dimwit." *Wahl*

---

[1] While the interest being added was not the basis of Ms. Salvatore's claims, multiple cases in the Seventh Circuit and Wisconsin district courts demonstrate that these letters are not false, misleading, or deceptive because 5% prejudgment interest is allowed to be charged on medical debts. *See Aker v. Americollect, Inc.*, 854 F.3d 397, 400 (7th Cir. 2017)("The FDCPA itself provides that debt collectors may add interest when permitted by law. See 15 U.S.C. §1692f(1); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). The safe harbor, if not §138.04 itself, permits defendants to add 5% interest to plaintiffs' debts.").

4

*v Midland Credit Mgmt., Inc.*, 556 F3d 643. 645 (7th Cir. 2009). Rather, the Seventh Circuit recognizes that the unsophisticated consumer possesses "rudimentary knowledge about the financial world[,] . . . is capable of making basic logical deductions and inferences," *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (internal citations omitted), is wise enough to read collection notices with added care, and possesses reasonable intelligence. *See Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000).

Moreover, a dunning letter must state the amount of the debt sufficiently clearly that the recipient is unlikely to misunderstand it. *See also Bartlett v. Heibl*, 128 F.3d 497, 500-01 (7th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); *Terran v. Kaplan*, 109 F.3d 1428, 1431-32 (9th Cir. 1997); *Miller v. Payco-General American Credits, Inc*., 943 F.2d 482, 483-84 (4th Cir. 1991). This requirement is "designed to inform the debtor (who, remember, has a low level of sophistication) of what the *obligation* is, *not* what the final, worst-case scenario *could* be." *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003) (emphasis in original); *see also Chuway, v. Nat'l Action Fin. Servs. Inc*., 362 F.3d 944, 949 (7th Cir. 2004)("If the debt collector is only trying to collect the amount due on the date the letter is sent, then he complies with the Act by stating the 'balance' due, stating that the creditor 'has assigned your delinquent account to our agency for collection,' and asking the recipient to remit the balance listed—and stopping there, without talk of the 'current' balance.").

If it is apparent from a reading of the letter that not even "a significant fraction of the population" would be misled by it or the interpretation attested to by the plaintiff is a "fantastic conjecture"—the court should reject it without requiring evidence beyond the letter itself. *Veach v. Sheeks*, 316 F.3d 690, 692-93 (7th Cir. 2003); *Pettit v. Retrieval Masters Creditors Bureau, Inc*., 211 F.3d 1057, 1060-62 (7th Cir. 2000). "In short, the unsophisticated consumer is not the

5

least sophisticated consumer." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014). Otherwise, a FDCPA violation would exist each time a person advanced an idiosyncratic or ingenious interpretation of a letter. Since the unsophisticated consumer would not be confused by the plain language and the amount due in the letter, the claims must be dismissed.

Ms. Salvatore claims that Americollect failed to use the safe harbor language provided by the Seventh Circuit in *Miller v. McCalla, Raymar, Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000). (ECF No. 1 at ¶13.) The letter in *Miller* was seeking to collect on a mortgage and stated the unpaid principal balance, but added that "this amount does not include accrued but unpaid interest, unpaid late charges, escrow advances or other charges." *Miller*, 214 F.3d 875. The letter also stated that the amount owed "changes daily." *Id*. The Seventh Circuit held that this letter violated § 1692g(a)(1) because the unpaid principal balance "is only a part of the debt" and the statute requires debt collectors "to state the total amount due—interest and other charges as well as principal—on the date the dunning letter [is] sent." *Id*. at 875-76. In an effort to minimize litigation, the Seventh Circuit fashioned the following safe harbor language for debt collectors to use if the amount owed is variable:

> As of the date of this letter, you owe $ ___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number].

*Id*. at 876 (alterations in original).

However, cases within this circuit make clear, the *Miller* safe harbor language is not required or applicable in all situations. *See e.g., Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 369 (7th Cir. 2018)("Debt collectors are not required to use [the *Miller* safe harbor] language.");

6

*Williams v. OSI Educ. Servs., Inc*., 505 F.3d 675, 680 (7th Cir. 2007) ("The fact that the letter in this case does not adopt the [*Miller*] language of the safe harbor is of no consequence.... Although the safe harbor was offered in an attempt both to bring predictability to this area and to conserve judicial resources, it is compliance with the statute, not our suggested language, that counts." (citations omitted)); *Acik v. I.C. Sys*., 640 F. Supp. 2d 1019, 1031-32 (N.D. Ill. 2009)(where a letter stated the total amount due on the day of the letter and warned that the balance could change over time and provided the consumer with contact information for the creditor, the court found that "an unsophisticated consumer who is told that the amount of the debt may be increasing daily would presumably understand the need for updated information. Such a person would understand that if the balance changes daily, and if the balance given is 'as of' the date of the letter, then it would be necessary to contact the debt collector for the exact payoff amount. The additional suggestions in *Miller*—including a phone call alerting the debtor to any necessary adjustment before depositing a payment—is not required by the text of section 1692g");*Chatman v. Alltran Educ., Inc.*, No. 17 CV 5370, 2018 U.S. Dist. LEXIS 19624, at *8-9 (N.D. Ill. Feb. 7, 2018)("The language in *Miller* simply provides an example of language in a debt collection letter that is acceptable under § 1692g(a)(1) of the FDCPA . . . As stated by the Seventh Circuit in both the original opinion as well as numerous cases afterwards, the *Miller* language is not mandatory. The only requirement comes from the text of § 1692g(a)(1) itself, which demands that a dunning letter state 'the amount of the debt.'")

Ms. Salvatore also attempts to suggest that Americollect is required to tell her in the letter that an adjustment may be necessary if and when she chooses to pay the amount owed and how to determine when interest will be added and what to pay when she chooses to pay. (ECF No. 1 at ¶¶13-14.) However, courts have also found that these disclosures are not necessary to be in

7

compliance with 1692g(a)(1). In *Chatman v. Alltran Educ., Inc.*, Alltran sent a letter to Chatman stating the total current balance on a delinquent student loan was $3,051.55, but the letter also broke down the principal, interest, and cost of collection separate from the total current balance. *Chatman*, No. 17 CV 5370, 2018 U.S. Dist. LEXIS 19624 (N.D. Ill. Feb. 7, 2018). The letter also included Alltran's contact information, which was a telephone number and address. *Id*. The bottom of the letter read: "The total balance due reflected above is correct as of the date of this letter. Until paid in full, interest may continue to accrue on your account. Please refer to the original loan documents for interest rate and accrual information." *Id*. Chatman claimed the letter failed to properly inform her of the amount of debt owed in violation of 15 U.S.C. § 1692g(a)(1). Alltran filed a motion to dismiss explaining the "letter only needs to state the total amount due as of the date of the letter and that 'the inclusion of a simple truism' that the amount may increase is not a violation of the FDCPA." *Id*. at 5-6. In granting the motion to dismiss, the court stated:

> Plaintiff attempts to create a claim based on the Debt Letter's failure to contain specific *Miller* safe harbor language. Chatman argues that Alltran's Debt Letter runs afoul of § 1692g(a)(1) because it does not contain the following sentence: "Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection." From this sentence in *Miller*, Chatman attempts to read in the following as FDCPA required disclosures: a collector must inform a debtor 1) how to determine the balance of the alleged debt; 2) that an adjustment may be necessary if and after the debtor pays the amount shown in the letter; and 3) that it will inform the debtor of the adjusted balance before depositing a payment.
>
> . . .
>
> The Seventh Circuit, however, did not create additional disclosures beyond those required by the statute when it formulated the safe harbor language in *Miller*. *See Williams*, 505 F.3d at 680 ("[C]ompliance with the statute, not our suggested language, ... counts." (citations omitted)). Section 1692g(a)(1) merely demands that a dunning letter state "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

Further, the court in *Chatman* found that the letter satisfied the requirements of 1692g(a)(1) and satisfied the unsophisticated consumer standard. The court noted:

> An unsophisticated consumer, who reads "collection notices with added care," would read the amount owed and the date of the letter, and understand that this amount was 'correct as of the date of this letter," as the text at the bottom clarifies.
>
> Further, an unsophisticated consumer would not be confused reading that "Until paid in full, interest may continue to accrue on your account."

*Id*. at *14 (citations omitted).

Here, Americollect clearly stated the amount due on the date of the letter. Americollect also informed Ms. Salvatore that future interest of 5% interest may be added.[2] Americollect provided its contact information throughout the letter. Therefore, an unsophisticated consumer, and certainly Ms. Salvatore, who reads this letter with added care would not be confused or not understand the total amount of the debt as of the date of the letter. *See id*. She further could logically deduce that she could contact Americollect through the various means provided in the letter. *See id*. at *16. Therefore, Ms. Salvatore fails to state a claim for relief, and her complaint must be dismissed.

## CONCLUSION

Because the statement in the letter clearly states the amount now due, in compliance with § 1692g(a)(1), Americollect respectfully requests that its motion be granted and that the case be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Dated this 2nd day of August, 2019.

---

[2] See also *Taylor v. Cavalry Investment, L.L.C*., 365 F.3d 572 (7th Cir. 2004) holding that the truism that a debt account balance may increase because of interest as provided in the creditor agreement was not confusing in the debt collection letter at issue in that case. Therefore, saying interest may accrue is appropriate here.

304118252v1 1021281

/s/ Alyssa A. Johnson
David J. Hanus
State Bar No. 1027901
Alyssa A. Johnson
State Bar No. 1086085
Attorneys for Defendant  AMERICOLLECT, INC.
**HINSHAW & CULBERTSON LLP**
100 E. Wisconsin Avenue
Suite 2600
Milwaukee, WI 53202
Telephone  414-276-6464
Fax  414-276-9220
E-mail  dhanus@hinshawlaw.com
ajohnson@hinshawlaw.com

304118252v1 1021281