IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHELLE SALVATORE,
on behalf of herself and all others similarly situated,

                Plaintiff,                OPINION and ORDER

    v.

                                   19-cv-447-jdp

AMERICOLLECT, INC.,

                Defendant.

Plaintiff Michelle Salvatore received a letter from defendant Americollect, Inc. regarding her medical debt. The letter stated the amount she owed as of the date of the letter but added that future interest might accrue if she did not pay that amount. Salvatore contends that Americollect's letter didn't comply with the Fair Debt Collection Practices Act (FDCPA) because it did not state the amount of her debt clearly enough to allow an unsophisticated consumer to understand it. Dkt. 1. She also seeks to represent a class of debtors who received similar letters from Americollect.

Americollect moves to dismiss Salvatore's complaint for failure to state a claim upon which relief may be granted. Dkt. 8. Whether a debt-collection letter would confuse an unsophisticated consumer is generally a question of fact, but if it is "apparent from a reading of the letter that not even a significant fraction of the population would be misled" by the letter, dismissal under Rule 12(b)(6) is appropriate. *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (quoting *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004)). Because the court agrees with Americollect that the letter would not confuse an unsophisticated consumer, the court will dismiss this case.

ALLEGATIONS OF FACT

The court draws the following facts from Salvatore's complaint, Dkt. 1, which it accepts as true for the purposes of deciding Americollect's motion to dismiss, *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). Salvatore refers to Americollect's debt-collection letter in her complaint and she has attached a copy of the letter to her complaint, Dkt. 2, so the letter is considered part of her complaint under Federal Rule of Civil Procedure 10(c).

Salvatore received a debt-collection letter from Americollect dated March 13, 2019, regarding an unpaid medical bill. The letter stated, in part, "The amount due stated below, is the amount due as of the date of this letter. Future interest of 5% per year may be added to the account if the amount due is not paid." Dkt. 2, at 1. Below, the letter stated that the amount due was $98.52. Next to the amount due, the letter included contact information for Americollect, including its email address, telephone number, and mailing address.

ANALYSIS

Salvatore's claim arises under the FDCPA, which includes the requirement that a debt-collection letter must inform the consumer of "the amount of the debt," 15 U.S.C. § 1692g(a)(1). Because a debt's amount can vary day-by-day due to additional charges such as interest and late fees, § 1692g(a)(1) requires a debt-collection letter to state the total amount due on the date the letter was sent. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872, 875–76 (7th Cir. 2000). The letter must do so clearly enough to allow a hypothetical unsophisticated consumer or debtor to understand it. *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 677–78 (7th Cir. 2007). The court of appeals has provided one example of language that would comply with this requirement:

> As of the date of this letter, you owe $\_\_\_ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800– [phone number].

*Miller*, 214 F.3d at 876.

Although Americollect's letter stated the amount due on the date it was sent, Salvatore contends that the letter did not do so clearly enough because it said, "Future interest of 5% per year may be added to the account if the amount due is not paid," Dkt. 2, at 1. She says that this makes the statement of the amount due unclear because the letter doesn't say how Americollect will assess interest, tell her what Americollect would do if she paid the stated amount after additional interest had accrued, or direct her to contact Americollect with questions about her current debt amount.

In *Taylor*, 365 F.3d at 575, the court of appeals considered a debt-collection letter that included a similar statement to the one in Americollect's letter: "[Y]our account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with your creditor." The court held that the statement did not violate § 1692g(a)(1) because it was merely "the clear statement of a truism" that further charges might accrue if the debt was not paid. *Id.* The only meaningful difference between the statement in *Taylor* and the statement in Americollect's letter is that the *Taylor* statement directed the debtor to consult her credit agreement for more details. But *Miller*'s suggested language did not include directions to consult another document for such an explanation, showing that these directions are not required by § 1692g(a)(1).

3

Salvatore contends that the letter should have included language similar to the suggested language in *Miller* stating what Americollect would do if she submitted an insufficient payment and expressly directing her to contact Americollect with questions. But the statement upheld in *Taylor* did not include such information, and *Miller* explicitly stated that debt collectors do not have to use its suggested language to comply with the FDCPA, *Miller*, 214 F.3d at 876. "[I]t is compliance with the statute, not [*Miller*'s] suggested language, that counts," *Williams*, 505 F.3d at 680, and Salvatore has identified nothing in the FDCPA that requires Americollect's letter to include this information.

Salvatore's brief also includes an undeveloped argument that the letter's statement that future interest "may be added" could have been "false and deceptive." Dkt. 13, at 3–4. She says this statement would be misleading if Americollect knew that it would not add such interest when it sent the letter. Although Salvatore does not explain what provision of the FDCPA this would violate, she cites caselaw concerning 15 U.S.C. § 1692e, which prohibits debt collectors from using "any false, deceptive, or misleading representation or means." But Salvatore does not identify any plausible basis for inferring that Americollect intended not to charge interest. So her complaint does not state a claim under § 1692e.

The debt-collection letter that Americollect sent to Salvatore told her the precise amount that she owed as of the date of the letter and said that future interest might accrue if she did not pay her debt. This is all that § 1692g(a)(1) requires. Even if the information that Salvatore contends that the letter lacked would have been helpful, its absence does not give rise to a cause of action under the FDCPA. The court will grant Americollect's motion to dismiss.

Salvatore requests leave to amend her complaint in a footnote. Dkt. 13, at 8 n.4. But she doesn't identify any new facts or claims that she would raise in an amended complaint. The problem with her complaint is that it is legally insufficient, not factually insufficient, so allowing her to amend it would be futile. The statement of the debt amount in Americollect's letter satisfied the FDCPA's requirements, so the court will dismiss Salvatore's case with prejudice.

ORDER

IT IS ORDERED that defendant Americollect, Inc.'s motion to dismiss, Dkt. 8, is GRANTED. The case is DISMISSED with prejudice for Salvatore's failure to state a claim upon which relief may be granted.

Entered February 5, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge